IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JASON SMITH, ET AL.,                  §
                                      §
            Plaintiffs,               §
                                      §
v.                                    §          No. 3:12-cv-4633-K-BN
                                      §
WELLS FARGO BANK, N.A.,               §
                                      §
            Defendant.                §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Wells Fargo Bank, N.A. filed a Motion to Dismiss Pursuant to Rule

12(b)(6) ("Motion") [Dkt. No. 16], seeking judgment in its favor on all claims. Plaintiffs

Jason Smith ("Smith") and Sharonda Sikes ("Sikes" and, with Smith, "Plaintiffs") filed

no response. The time for responding having passed, *see* Dkt. No. 14, the undersigned

magistrate judge issues the following findings of fact, conclusions of law, and

recommendation.

**Background**

Plaintiffs purchased a house in Desoto, Texas (the "Property") on December 10,

2008. Dkt. No. 12 at 2; Dkt. No. 17 at 4. To finance the purchase, Plaintiffs executed

an adjustable rate note (the "Note") to Security National Mortgage Company ("Security

National"). *See* Dkt. No. 12 at 2; Dkt. No. 17 at 4. The Note was secured by a Deed of

Trust lien payable to Security National, the original lender. *See* Dkt. Nos. 12 at 2; Dkt.

No. 17 at 6. The Note indicated that it was in favor of Security National and its

successors and assigns.

On September 1, 2011, Security National assigned the Deed of Trust to Wells Fargo, N.A. ("Wells Fargo"). *See* Dkt. No. 17 at 17. Wells Fargo endorsed the Note, *see id.* at 5, and the assignment was recorded in the real property records of Dallas County, Texas on September 6, 2011, *see id.* at 17-18.

Wells Fargo purchased the Property at a non-judicial foreclosure sale on February 7, 2012. *See* Dkt. Nos. 12 at 4; Dkt. No. 16 at 10. On March 30, 2012, Wells Fargo filed a forcible detainer petition in the Justice of the Peace Court of Dallas County, Texas (the "Eviction Suit") seeking to evict Plaintiffs from the Property. *See* Dkt. No. 17 at 18-20. The court awarded possession of the Property to Wells Fargo on April 12, 2012, and issued a writ of possession in favor of Wells Fargo on September 5, 2012. *See id.* at 19.

On November 1, 2012, Smith brought the instant action – originally a suit to quiet title – in the 95th Judicial District Court, Dallas County, Texas. *See* Dkt. No. 1-5 at 1. Wells Fargo timely removed the instant case to federal district court on November 15, 2012. *See* Dkt. No. 1. Smith, joined by Sikes, filed a First Amended Original Complaint [Dkt. No. 12] ("Amended Complaint") on December 21, 2012, asserting the following causes of action: (1) suit to quiet title; (2) wrongful foreclosure; (3) negligent misrepresentation; (4) violations of the Texas Debt Collection Act ("TDCA"); and (5) declaratory judgment. *See* Dkt. No. 12 at 4-8.

Wells Fargo seeks dismissal of Plaintiffs' claims under Federal Rule of Civil

Procedure 12(b)(6). *See* Dkt. No. 16 at 12.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the

elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *Katrina Canal*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources

courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Plaintiffs filed several documents with their Amended Complaint, including a copy of the Note and Deed of Trust. *See* Dkt. No. 12 at 10-20. In addition, Defendant filed with its Motion a copy of the Note, the Deed of Trust, the Corporate Assignment of Deed of Trust (dated 9/6/2011), and the docket entry for the Eviction Suit and writ of possession. *See* Dkt. No. 17. The undersigned finds that it is permissible for these documents to be considered in making its ruling. Plaintiffs reference the Note and Deed of Trust in the Amended Complaint, *see* Dkt. No. 12 at 3, and the Note, Deed of Trust, and Assignment are all central to Plaintiffs' claims. Moreover, the Deed of Trust and Assignment were publicly recorded, *see* Dkt. No. 16 at 13 & 15, and therefore are matters of public record. For these reasons, the documents may appropriately be considered. *See Katrina Canal*, 495 F.3d at 204-05 (holding that when plaintiff's claims are based on terms of a contract or agreement, the contract documents are central to plaintiff's claims); *Warren v. Bank of Am., N.A.*, No. 3:11-cv-3603-M, 2012 WL 3020075, at *3 (N.D. Tex. June 19, 2012) (considering the note, the deed of trust, and the assignment from MERS to Countrywide in determining a 12(b)(6) motion to dismiss because the documents were referenced in plaintiff's complaint and central to the claims). Pursuant to Federal Rule of Evidence 201, the undersigned also takes judicial notice of the publicly recorded Deed of Trust and Assignment.

### Analysis

Plaintiffs' claims are all based on their arguments that Wells Fargo did not have a legal right to foreclose. Specifically, Plaintiffs contend that Wells Fargo lacked the legal right to foreclose because the endorsement on the Note is unlawful, *see* Dkt. No. 12 at 3, 4, & 6, or because Wells Fargo cannot show an unbroken chain of assignments and prove ownership of the Note, *see id.* at 3, 4, & 6. Consequently, Plaintiffs contend that Wells Fargo had no legal right to declare default or pursue any actions that followed default, including the non-judicial foreclosure sale of the Property. *See id.* at 4. These allegations constitute the basis of Plaintiffs' suit to quiet title, wrongful foreclosure, and declaratory judgment claims. Plaintiffs also bring claims for negligent misrepresentation and Texas Debt Collection Act ("TDCA") violations.

**A.     Plaintiffs' Allegations and Standing to Assert Allegations**

      1.     <u>Plaintiffs' Factual Allegations</u>

All of Plaintiffs' causes of action are based on the same basic factual allegations: (1) the endorsement to Wells Fargo is fraudulent because it is "positioned underneath the contract text, such that the text displaces the print of the endorsement"; (2) the Note bears one or more fraudulent endorsements; (3) the Note was not lawfully and timely indorsed, transferred, and assigned from Security National (the original lender) to Wells Fargo; (4) Wells Fargo is unable to prove ownership of the Note and an unbroken chain of assignments transferring to it the right to enforce the Note or the power of sale in the Deed of Trust; and (5) there is at least one additional assignment

of the Note (aside from the Wells Fargo acquisition) so that Wells Fargo has made an incomplete showing of an unbroken chain of assignment. *See id.* at 3. Based on these theories, Plaintiffs argue that Wells Fargo had no authority to declare a default and, as a result, wrongfully performed all actions that followed. *See id.* at 3-4.

Plaintiffs make no statements indicating how the positioning of the endorsement underneath the contract text is evidence of fraud and cite to no case law to support this point. The Amended Complaint also does not contain any facts corroborating Plaintiffs' claims that the Note contains fraudulent endorsement(s), that the Note was not lawfully or timely indorsed, transferred, and assigned, that there is an unbroken chain of assignments, or that there are additional, undocumented, assignments. Thus, Plaintiffs' claims are wholly conclusory and unsupported by any facts.

Moreover, the documents central to Plaintiffs' Amended Complaint – the Note, the Deed of Trust, and the Corporate Assignment of the Deed of Trust – contradict Plaintiffs' allegations. The endorsement, even with its placement beneath the text on the Note, clearly demonstrates an assignment from Security National to Wells Fargo, *see* Dkt. No. 17, Ex. 1 at 2, and the Corporate Assignment of Deed of Trust demonstrates the assignment made by Security National (via MERS) to Wells Fargo as well as the recording of the assignment, *see* Dkt. No. 17, Ex. 3. These documents undercut Plaintiffs' fraud claims and challenges to assignment as alleged in the Amended Complaint. *See Summers v. PennyMac Corp.*, No. 3:12-cv-1235-L, 2012 WL 5944943, at *9 (N.D. Tex. Nov. 28, 2012) (citing *U.S. ex rel Riley v. St. Luke's Episcopal*

-7-

*Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If an exhibit attached to the complaint contradicts an allegation in the complaint, the exhibit controls.")).

Because Plaintiffs' allegations related to fraud and challenging the assignment are unsupported and conclusory and are also contradicted by exhibits, they cannot support the causes of action Plaintiffs assert. Therefore, to the extent any of their causes of action rely on these unsupported allegations, the motion to dismiss will be granted, as discussed more fully below.

2.   <u>Plaintiffs' Standing to Challenge the Assignment</u>

Defendant argues that Plaintiffs' allegations that the Note and Deed of Trust were not properly assigned to Wells Fargo fail because "it [is] well settled law that a mortgagor does not have standing to challenge various assignments of a note because the mortgagor is not a party to the assignments." Dkt. No. 16 at 15. While Defendant relies on several cases to support this argument, it fails to note that several other courts in the Fifth Circuit have held otherwise. *See Miller v. Homecomings Financial, LLC*, 881 F. Supp. 2d 825, 831 (N.D. Tex. 2012)*; Asonibe v. Flagstar Bank, FSB*, No. No. 3:12-cv-2113-M, 2013 WL 1828842, at *4 (N.D. Tex. Apr. 5, 2013), *rec. adopted*, 2013 WL 1831747 (N.D. Tex. Apr. 30, 2013); *Castle Mortg. Corp. v. GMAC Mortg. LLC*, 3:12-cv-1969-N-BF, 2013 WL 1123381, at *1 (N.D. Tex. Mar. 18, 2013). In rejecting a *per se* rule that plaintiffs lack standing to challenge assignments of the note or deed of trust, courts observe that oftentimes the decisions endorsing such a rule do not rely on Texas case law or statute. *See Miller*, 881 F. Supp. 2d at 831 (collecting cases).

Moreover, many of these cases rely on *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011), which cites no authority at all for such a rule.

The undersigned finds more persuasive the reasoning in cases finding a plaintiff-borrower may, in some instances, have standing to challenge an assignment. Those courts have held that a plaintiff would have standing to assert that an assignment is <u>void</u> but would lack standing to assert that an assignment is <u>voidable</u>. *See Castle Mortg. Corp.*, 2013 WL 1123381 at *1. In making this determination, the courts have relied on the Texas "common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid." *Miller*, 881 F. Supp. 2d at 831; *see also Preston v. Seterus*, ___ F. Supp. 2d ___, 2013 WL 1091272, at * 9-10 (N.D. Tex. Mar, 15, 2013). This rule derives from contract law principles. More specifically, it comes from the principle that a void contract is invalid or unlawful from its inception and therefore cannot be enforced, whereas a voidable contract "is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract," and therefore only the parties to it may seek to avoid its enforcement. *Scott v. Bank of Am., N.A.*, No. SA-12-cv-00917, 2013 WL 1821874, at *4 (W.D. Tex. Apr. 29, 2013) (citing 17A C.J.S. Contracts § 169).

Plaintiffs' allegations can be boiled down into two claims. First, Plaintiffs argue the assignment was fraudulent. *See* Dkt. No. 12 at 3 (Plaintiffs "would show that

indicia of fraud is apparent on the face of the Note"; Plaintiffs "would further show that the Note bears one or more fraudulent endorsements"). Second, Plaintiffs challenge the chain of assignments. *See id.* ("Wells Fargo is unable to prove ownership of the Note and an unbroken chain of assignments transferring to it the right to enforce the Note or the power of sale in the Deed of Trust"; "the presence of multiple endorsements on the Note demonstrates that there has been at least one additional assignment of the Note ... and [Wells Fargo] has made an incomplete showing of an unbroken chain of assignments.").

As to the former claim, under Texas law "deeds obtained by fraud ... are voidable rather than void." *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex. App. – Fort Worth 2010, pet. denied). Accordingly, a suit to set aside a deed obtained by fraud can only be maintained by the defrauded party. *See Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). Thus, to the extent that Plaintiffs argue that the assignment of the Deed of Trust was fraudulent, Plaintiffs do not have standing to challenge the assignment's validity.

As to latter claim – Plaintiffs' challenge to the chain of assignments – the undersigned concludes that Plaintiffs do have standing. Texas and federal courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose. *See Miller*, 881 F. Supp. 2d at 831 (collecting cases); *Scott*, 2013 WL 1821874 at *4; *see also Martins v. BAC Home Loans Servicing, L.P.*, No. 12-20559, 2013 WL 1777487, at *2 (5th Cir. Apr. 26, 2013). Plaintiffs here essentially

challenge Defendant's authority under the Note to foreclose on the Property, which they have standing to do. *See Martins*, 2013 WL 1777487 at *2; *Preston*, 2013 WL 1091272.

Regardless, even if Plaintiffs have standing to make all allegations, as discussed in more detail below, they fail to state any claim upon which relief can be granted.[1]

## B.   Defendant's Motion to Dismiss Claims

1.   <u>Suit to Quiet Title</u>

Plaintiffs' claim to quiet title should be dismissed with prejudice.

Plaintiffs ask the Court to "[set] aside the February 7, 2012 foreclosure and [quiet] title in the Plaintiff[s]." Dkt. No. 12 at 8. A suit to quiet title, also known as a suit to remove cloud from title, "relies on the invalidity of the defendant's claim to property." *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.). Such a suit exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Bell v. Ott,* 606 S.W.2d 942, 952 (Tex. Civ. App. – Waco 1980, writ ref'd n.r.e.) (quoting *Thompson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). In order to prevail on a claim to quiet title, a plaintiff must show that: (1) she has an interest in a specific property; (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See U.S. Nat'l Bank*

---

[1] In analyzing Defendant's Motion, the undersigned will entertain the argument that the assignment is fraudulent to demonstrate that, even if standing were to exist as to those claims, Plaintiffs failed to state a claim upon which relief could be granted.

*Ass'n v. Johnson*, No. 01-10-837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] Dec. 30, 2011, no pet.) (citations omitted). In a suit to quiet title, a plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see [that] he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App. – Beaumont 2000, pet. denied). Plaintiffs must recover on the strength of their own title, not on the weakness of their adversary's title. *See Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

Plaintiffs fail to allege facts that show their superior title. Instead, Plaintiffs challenge Defendant's title by arguing that Defendant lacked authority to enforce the Deed of Trust and foreclose on the property. *See* Dkt. No. 12 at 4. Neither Plaintiffs' bare bones fraud allegations nor challenges to assignment demonstrate a superior title. Rather, at best, the allegations attack the strength of Defendant's title. Even if these allegations were to support a claim of superior title, however, as discussed, *supra* Section (A)(1), the Note and assignment contradict Plaintiffs' allegations, demonstrating that only one assignment has been made – to Wells Fargo, *see* Dkt. 30-1 at 1-2 – and that it was recorded in the Official Public Records of Dallas County, Texas, *see* Dkt. No. 30-3 at 1-2. The documents control. *See Summers*, 2012 WL 5944943 at *9.

Moreover, Plaintiffs' conclusory, speculative statements attacking Defendant's title are not sufficient to support their claims; rather, Plaintiffs were required to

"allege facts which, if proved, would establish [their] superior title." *Reynolds v. Bank of Am., N.A.*, No. 3:12-cv-1420-L, 2013 WL 1904090, at *7 (N.D. Tex. May 8, 2013). This they did not do.

For these reasons, Plaintiffs' suit to quiet title fails as a matter of law. *See Cabrera ex rel. Lucinda Trust v. LoanCare*, 3:12-cv-2054-M, 2013 WL 664687 (N.D. Tex. Jan. 22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013).

2.      Wrongful Foreclosure

Plaintiffs claim for wrongful foreclosure should be dismissed with prejudice.

Plaintiffs allege that "[Defendants] failed to comply with statutory and contractual terms governing foreclosure of [Plaintiffs'] property resulting in a void foreclosure sale." Dkt. No. 12 at 6. Though Plaintiffs do not specify the contract terms or statutory requirements on which they rely, as with all of their causes of action, Plaintiffs' wrongful foreclosure claim can only be based on their fraud claims and challenges to the assignment of the Note.

The purpose of a wrongful foreclosure action is to protect mortgagors against mistake, fraud, or unfairness in the conduct of a foreclosure sale. *See In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). "Under Texas common law, a debtor may recover for wrongful foreclosure when an irregularity in the foreclosure sale contributes to recovery of an inadequate price of the property." *Matthews v. JPMorgan Chase Bank, NA*, No. 3:11-cv-972-M, 2011 WL 3347920, at *2 (N.D. Tex. Aug. 1, 2011) (citing *Am. Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975)).

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Pollett v. Aurora Loan Servs.*, 455 F. Appx 413, 415 (5th Cir. 2011); *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2009, no pet.). "A claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect." *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011).

Here, Plaintiffs do not allege that there was an inadequate selling price and do not explain how a procedural defect caused an inadequate selling price. Alleging a defect in the foreclosure process alone is not sufficient to state a claim for wrongful foreclosure absent alleging there was an inadequate selling price because of that defect. *See id.* Plaintiffs failed to allege what the sales price was, let alone make any allegations that the sales price was grossly inadequate or that a procedural defect resulted in an inadequate selling price. *See Lamb v. Wells Fargo Bank, N.A.*, No. 3:12-cv-680-L, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012); *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 766 (N.D. Tex. 2012).

Plaintiffs therefore have failed to state a claim for wrongful foreclosure under Texas law as a matter of law. *See Pollett*, 455 F. App'x at 415. Accordingly, Plaintiffs' wrongful foreclosure claim should be dismissed. *See Marquez v. Fed. Nat. Mortg. Ass'n*, 3:10-cv-2040-L, 2011 WL 3714623, at *6-*7 (N.D. Tex. Aug. 23, 2011) (dismissing claim

based on similar allegations).

The undersigned notes that Defendant also argues that Plaintiffs are not entitled to a rescission of the foreclosure sale. *See* Dkt. No. 16 at 18. Defendant's arguments are well taken and further support the dismissal of this claim. Plaintiffs did not allege that they tendered, or could have tendered, the full amount due under the Note, which is required for a foreclosure sale to be set aside. *See Cruz v. CitiMortgage, Inc.*, No. 3:11-cv-2871-L, 2012 WL 1836095, at *5 (N.D. Tex. May 21, 2012) (citations omitted); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App. – Fort Worth 1999, pet. denied) (holding that because the plaintiff failed to tender the amounts due and owing under the note and deed of trust, he was not entitled to set aside the sale or rescission).

The undersigned therefore concludes that Plaintiffs failed to state a claim upon which relief can be granted as to their wrongful foreclosure cause of action.

3.   Negligent Misrepresentation

Defendant argues that Plaintiffs failed to state a claim for negligent misrepresentation. In their Amended Complaint, Plaintiffs allege that Defendant's "conduct constitutes negligent misrepresentations in that it made representations to [Plaintiffs] in the course of conducting its business in which it had a pecuniary interest]" and that "[t]he false information was intended as guidance." Dkt. No. 12 at 6. Plaintiffs also state that "Wells Fargo failed to exercise reasonable care or competence in obtaining or communicating the information[,]" and that Defendant's

negligent misrepresentation "proximately caused" Plaintiffs' injury. *Id.*

A claim for negligent representation under Texas law consists of four elements: (1) the defendant made a representation in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. *See Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005); *see also Nazareth Int'l Inc. v. J.C. Penney Co.*, 287 S.W.3d 452, 460 (Tex. App. – Dallas 2009, pet. denied). The misrepresentation "must be one of existing fact, not a promise of future conduct." *Alexander v. Grand Prairie Ford, L.P.*, No. 3:02-cv-1561-K, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007); *accord Nunn, Yoest, Principals & Assocs., Inc. v. Union Pac. Corp.*, 69 F. App'x 658, 2003 WL 21356004, at *2 (5th Cir. May 23, 2003); *New York life Ins. Co. v. Miller*, 114 S.W.3d 114, 125 (Tex. App. – Austin 2003, no pet.). A promise to do or refrain from doing an act in the future is not actionable because it does not contain an existing fact. *See Alexander*, 2007 WL 1576260, at *6.

In their Amended Complaint, Plaintiffs merely provide a recitation of the elements of negligent misrepresentation, stating only that Defendant "made representations" to Plaintiffs in the course of conducting its business in which it had a pecuniary interest, that it was "false information" intended as "guidance" and that Defendant "failed to exercise reasonable care or competence" in doing so. Plaintiffs

failed to allege any details – such as what representations were made, who made them, or when they were made – to put Defendant on notice of their claims. In fact, Plaintiffs' Amended Complaint does not contain a single statement, false or not, allegedly made by Defendant. Mere recitation of the elements of negligent misrepresentation are not sufficient to support a negligent misrepresentation claim. *See Twombly*, 550 U.S. at 555 (a plaintiff must provided "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" in order to state a claim).

Defendant also argues that the claim fails on the basis of the economic loss rule because "[Plaintiffs'] cause of action and all of their alleged damages flow from the Note and Deed of Trust." Dkt. No. 16 at 20. While the rule is applicable to a claim for negligent misrepresentation in Texas, *see D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998); *accord Berry v. Federal Nat. Mortg. Ass'n*, No. 3:11-cv-1288-L, 2013 WL 1294008, at *16-*17 (N.D. Tex. Mar. 29, 2013), the rule does not automatically bar a negligent misrepresentation claim, *see Orcasitas v. Wells Fargo Home Mortg., Inc.*, No. 3:12-cv-2549-P, Dkt. No. 20 at 6 (N.D. Tex. Apr. 10, 2013) (relying on *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418-19 (Tex. 2011)). Despite the nonexistence under Texas law of a duty between a mortgage servicer and borrower, or a lender and borrower, *see Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex. 1962) (finding no fiduciary relationship between a banker who made personal loans and took interest in the business and the borrower); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 613-15 (Tex. App. – Corpus Christi 2005, pet.

denied) (holding mortgagor did not owe mortgagee a duty in negligence for conduct relating to the foreclosure sale because the deed of trust governs the duties of the parties); *Fraley v. BAC Home Loans Servicing, LP*, No. 3:11-cv-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012) (dismissing gross negligence claim because, "as mortgagor, Defendants did not owe a legal duty to Plaintiff") (citation omitted), *adopted by* 2012 WL 779654 (N.D. Tex. Mar. 9, 2012), Texas courts have held that there is always a duty to correct one's own prior false or misleading statement, *see Hurd*, 880 F. Supp. 2d at 763 (citations omitted). Likewise, the Texas Supreme Court has approved a claim that a "bank has a duty to use reasonable care whenever it provides information to its customers or potential customers." *Federal Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).

However, even if Plaintiffs' claim is for breach of a duty imposed by law and not only created by contract, in determining whether a tort claim is merely a repackaged breach of contract claim, the Court must also consider "whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Corp., Inc.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006). "The nature of the injury most often determines which duty or duties are breached. When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." *Sw. Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991). The economic-loss doctrine bars recovery on a tort claim for "economic damages recoverable under a breach of contract claim." *Sterling Chems., Inc. v. Texaco*

*Inc.*, 259 S.W.3d 793, 796 (Tex. App. – Houston [1st Dist.] 2007, pet. denied).; *accord Smith v. JPMorgan Chase Bank, N.A.*, No. 12-40816, 2013 WL 1165218, at *3 (5th Cir. Mar. 22, 2013).

Here, Plaintiffs are seeking by this tort claim recovery of economic damages that are recoverable under a breach of contract claim. *See* Dkt. No. 12 at 8; *accord New Century Fin., Inc. v. Olympic Credit Fund, Inc.*, 487 F. App'x 912, 915-16 (5th Cir. 2012). Plaintiffs also plead damages for mental anguish, but those are not available as a remedy for this claim. *See Boyles v. Kerr*, 855 S.W.2d 593, 598 (Tex. 1993) ("[A] claimant may not recover mental anguish damages in connection with negligent misrepresentation."); *accord Roberts v. Fed. Home Loan Corp.*, Civ. A. No. H-11-3304, 2013 WL 1345222, at *6 (S.D. Tex. Mar. 30, 2013).

For this reason, Plaintiffs' negligent misrepresentation claim fails as a matter of law, and there is no reason to grant Plaintiffs leave to replead this claim.

4.   <u>Texas Debt Collection Act</u>

Plaintiffs assert the following claims under the TDCA: (1) threatening to take an action prohibited by law, in violation of Texas Finance Code § 392.301(a)(8); (2) using unfair or unconscionable means to collect or attempt to collect interest or a charge, fee or expense that was not expressly authorized by the agreement, in violation of Texas Finance Code § 392.303(a)(2); (3) failing to disclose clearly in any communication with the debtor the name of the person to whom the debt has been assigned or is owed when making a demand for money, in violation of Texas Finance

Code § 392.304(a)(4); (4) misrepresenting the character, extent or amount of a consumer debt in violation of Texas Finance Code § 392.304(a)(8); (5) using, distributing, or selling a written communication that simulates or is represented falsely to be a document authorized, issued, or approved by a court, an official, a governmental agency, or any other governmental authority or that creates a false impression about the communication's source, authorization, or approval, in violation of Texas Finance Code § 392.304(a)(10); and (6) using deceptive means to collect a debt, in violation of Texas Finance Code § 392.204(a)(19).

Plaintiffs allege that Defendant threatened action prohibited by law. *See* TEX. FIN. CODE § 392.301(a)(8). Plaintiffs did not provide any factual allegations to support this claim. The only "action prohibited by law" that could be gleaned from the Amended Complaint is an allegedly illegal foreclosure. At best, Plaintiffs' argument is that because the endorsement was fraudulent or the assignment void, the foreclosure was prohibited by law. But, as discussed *supra*, Plaintiffs' allegations regarding fraud and assignment are contradicted by the documents central to their claim. And the documents prevail. *See Summers*, 2012 WL 5944943 at *9. Under these circumstances, the threat of foreclosure cannot be considered an "action prohibited by law." *See, e.g.*, *Stevens v. Wells Fargo Bank, N.A.*, 4:12-cv-594-A, 2012 WL 5951087, at *4 (N.D. Tex. Nov. 27, 2012) (stating "Plaintiffs provide no factual allegations that defendants have threatened to take any action prohibited by law, as plaintiffs have admittedly defaulted on their loan obligations, and 'foreclosure is not an action prohibited by law.'" (citations

omitted)). For these reasons, Plaintiffs' Section 392.301(a)(8) claim should be dismissed. *See Pickens v. U.S. Bank Nat. Ass'n*, No. 3:12-cv-2210-O, 2013 WL 866171, at *8 (N.D. Tex. Jan. 8, 2013), *rec. adopted*, 2013 WL 869958 (N.D. Tex. Mar. 8, 2013).

Plaintiffs next allege that Defendant collected unauthorized interest or charges. *See* TEX. FIN. CODE § 392.303(a)(2). In the Amended Complaint, however, Plaintiffs do not allege that fees or interest were ever collected, let alone unauthorized fees or interest. A conclusory assertion of this violation is not sufficient to withstand dismissal. *See Swim v. Bank of Am., N.A.*, 3:11-cv-1240-M, 2012 WL 170758 (N.D. Tex. Jan. 20, 2012) ("Plaintiffs merely state a conclusory assertion that Defendants imposed wrongful charges on Plaintiffs' mortgage account. Such an allegation is insufficient to put Defendants on fair notice of Plaintiffs' claims."). Accordingly, Plaintiffs have not alleged any facts that, even if true, would sufficiently state a claim under Section 392.303(a)(2). And Plaintiffs have given no indication of any claim related to wrongful fees or interest, despite having already amended their complaint or petition. Under these circumstances, leave to amend is not required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendant[] to liability" and it is clear that Plaintiffs have already pleaded their "best case." *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Plaintiffs also allege that Defendant failed to clearly disclose the name of the person to whom the debt had been assigned or is owed when making a demand for money. *See* TEX. FIN. CODE § 392.304(a)(4). Plaintiffs have made no factual allegations

to support a cause of action in their Amended Complaint. Moreover, "Subsection (a)(4) does not apply to a person servicing or collecting real property first lien mortgage loans." TEX. FIN. CODE ANN. § 392.304(b); *accord O'Dea v. Wells Fargo Home Mortgage*, CIV. A. H-10-4755, 2013 WL 441461 (S.D. Tex. Feb. 5, 2013). Accordingly, Plaintiffs have not alleged any facts that, even if true, would sufficiently state a claim under Section 392.304(a)(4), and this claim fails as a matter of law.

Plaintiffs allege that Defendant misrepresented the character, extent, or amount of Plaintiffs' debt. *See* TEX. FIN. CODE § 392.304(a)(8). For a statement to constitute a misrepresentation under the TDCA, a defendant must have made "a false or misleading assertion." *Cox v. Hilco Receivables, L.L.C.*, 726 F. Supp. 2d 659, 667 (N.D. Tex. 2010) (citing *Reynolds v. Sw. Bell Tele., L.P.*, No. 2-05-356-CV, 2006 WL 1791606, at *7 (Tex. App. – Fort Worth June 29, 2006, pet. denied)). To withstand a motion to dismiss, a court must be able to discern not only that there was a misrepresentation but also how the defendant allegedly misrepresented the character, extent, or amount of the plaintiff's debt. *See Garrett v. HSBC Bank USA, N.A.*, 3:12-cv-12-D, 2012 WL 1658796, at *3 (N.D. Tex. May 11, 2012) ("In other words, the court is unable to discern from plaintiffs' state-court petition how HSBC misrepresented the character, extent, or amount of plaintiffs' debt. Because plaintiffs have failed to support their TDCPA claim with any facts from which the court can reasonably infer that HSBC violated the Texas Finance Code, the court grants HSBC's motion and dismisses plaintiffs' TDCPA claim."). Plaintiffs made no allegations related to a misrepresentation made by

Defendant – other than their conclusory allegations tracking the elements of negligent misrepresentation, as discussed above – or even how the debt was misrepresented. Absent any such allegations, the claim under Section 392.304(a)(8) should be dismissed. *See Burr v. JPMorgan Chase Bank*, N.A., 4:11-CV-03519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) ("Here, [Plaintiffs] do not allege that the Defendants ever made an affirmative misrepresentation.... Thus, [Plainitffs'] claim for violation of Texas Finance Code Section 392.304(a)(8) should be dismissed."). Again, where Plaintiffs have already amended their complaint or petition, and, despite being represented by counsel, did not even file a response to Defendant's Motion, the undersigned concludes that Plaintiffs have already pleaded their "best case" and should not be granted leave to amend. *See Jacquez*, 801 F.2d at 791.

Plaintiffs also allege that Defendant used, distributed, or sold a written communication that simulates or is represented falsely to be a document authorized, issued, or approved by a court, an official, a governmental agency, or any other governmental authority or that creates a false impression about the communication's source, authorization, or approval. *See* TEX. FIN. CODE § 392.304(a)(10). The only allegation in the Plaintiffs' Amended Petition that appears to support this claim is the belief that the placement of the endorsement on the Note evidences fraud and that multiple endorsements on the Note demonstrates there are additional assignments of the Note that Wells Fargo has not shown. *See* Dkt No. 12 at 3. But nowhere in the Amended Complaint do Plaintiffs allege to whom the purported additional assignments

-23-

of the Note were made. Significantly, the Note attached to Plaintiffs' Amended Complaint shows only one endorsement on it, *see id.* at 11, and the documents control, *see Summers*, 2012 WL 5944943 at *9. It is also not apparent how the position of the endorsement on top of a few words of the contract text indicates fraud – the text and endorsement are legible – and Plaintiffs provide no authority for their assertion. Regardless, Plaintiffs failed to allege facts that, even if proven, show how any written communication by Defendant was simulated or falsely represented or how a false impression about the communications source, authorization, or approval was created. *See* TEX. FIN. CODE § 392.304(a)(10). Therefore, Defendant's motion to dismiss Plaintiffs' claim under Texas Finance Code § 392.304(a)(10) should be dismissed, and, again, because in this regard Plaintiffs appear to have plead their best case, leave to amend is not warranted. *See Jacquez*, 801 F.2d at 791.

Finally, Plaintiffs allege Defendant used false representations and deceptive means to collect a debt, *see* TEX. FIN. CODE. CODE § 392.304(a)(19), but Plaintiffs do not allege how Defendant used a false representation or deceptive means or even what false representations were made. As with Section 392.304(a)(8), for a statement to constitute a misrepresentation, a defendant must have made "a false or misleading assertion." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012); *Cox*, 726 F. Supp. 2d at 667. No misrepresentations, affirmative or otherwise, on the part of Defendant are alleged in the Amended Complaint. Accordingly, Plaintiffs' Section 392.304(a)(19) claim should be dismissed with prejudice based on the same analysis

-24-

that applies to Plaintiffs' Section 392.304(a)(8) claim.

In sum, Plaintiffs do not allege facts that, if proven, would state a claim upon which relief can be granted under the TDCA.

### 5.   Declaratory Judgment and Attorneys' Fees

In their Amended Complaint, Plaintiffs seek a declaration "establishing who was the lawful owner and holder of the Note entitled to enforcement, that no assignment from Security Nation to Wells Fargo occurred, or that Wells Fargo has failed to demonstrate an unbroken chain of assignment sufficient to establish its entitlement to enforce the Note or Deed of Trust." Dkt. No. 12 at 6. Defendant responds that Plaintiffs' claim for declaratory relief must be dismissed because there is no continuing justiciable controversy between the parties. *See* Dkt. No. 16 at 25.

The federal Declaratory Judgment Act ("FDJA") allows a federal court to declare the rights and legal relations of an interest party. *See* 28 U.S.C. §§ 2201-2202; *Hurd*, 880 F. Supp. 2d at 769. The availability of a declaratory judgment, however, "presupposes the existence of a judicially remedial right." *Schilling v. Rogers*, 363 U.S. 666, 667 (1960). The FDJA is a procedural device that creates no substantive rights. *See Aetna Life Ins. Co v. Haworth*, 300 U.S. 227, 239-41 (1937). Consequently, the FDJA provides no relief unless there is a justiciable controversy between the parties. *See id*. A plaintiff must therefore allege a "substantial and continuing" controversy, which the Fifth Circuit has likened to the Article III standing requirement of an existing case or controversy. *See Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "The

Plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred." *Id.* And, further, a request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *See Naddour v. Nationstar Mortg., LLC*, No. 3:11-cv-1096-B, 2012 WL 4473127, at *7 (N.D. Tex. Sept. 27, 2012).

Plaintiffs have failed to allege facts demonstrating a justiciable controversy. Because the undersigned determined that Plaintiffs failed to allege any claims upon which relief can be granted, their request for declaratory relief cannot survive and should be dismissed.

Finally, to recover attorneys' fees, Plainitffs must prevail on a cause of action for which attorneys' fees are recoverable and recover damages. *See, e.g.*, *Green Int'l, Inc. v. Solis* , 951 S.W.2d 384, 390 (Tex. 1997). Because Plaintiffs have no viable causes of action and are therefore not entitled to recover damages, they cannot recover attorneys' fees. Accordingly, this claim should be dismissed as well.

## Recommendation

Plaintiffs have not set forth any allegations to state a claim upon which relief can be granted. Therefore, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) [Dkt. No. 16] should be GRANTED as to all of Plaintiffs' claims, and Plaintiffs' case should be DISMISSED with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2013

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE